IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE B. TUDOR,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, et al.,<br><br>    Defendants. | No. C 11-5362 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Defendants the United States Department of the Navy, the Hon. Ray Mabus, the Secretary of the Navy, and Josie Dristy, the Debarring Official for the Department of the Navy, have filed a motion to dismiss Plaintiff Ronnie B. Tudor's First Amended Complaint (1AC).  Plaintiff opposes the motion.  The matter was decided on the papers.  Having considered all of the papers filed by the parties and the record in this case, the Court grants Defendants' motion.

BACKGROUND

I.  Regulatory Background

The parties' dispute involves contracting between private entities and the government.  Such contracting is governed by the Federal Acquisition Regulations (FAR) at Title 48, Part 9 of the

Code of Federal Regulations. Pursuant to these regulations, "No purchase or award [of a contract] shall be made unless the contracting officer makes an affirmative determination of responsibility" of the prospective contractor. 48 C.F.R. § 9.103(b). Debarment is the process by which an agency can declare that a contractor is presumed not to be responsible. See 48 C.F.R. § 9.406. Debarment is governed by policies and procedures set out in the FAR, which provides, "Agencies shall establish procedures for the prompt reporting, investigation, and referral to the debarring official of matters appropriate for that official's consideration." 48 C.F.R. § 9.406-3(a).

Agencies are required to issue notices of proposed debarment and to allow the contractor, within thirty days after receipt of the notice, to "submit, in person, in writing, or through a representative, information and argument in opposition to the proposed debarment." 48 C.F.R. § 9.406-3(c). The FAR requires a decision within thirty working days after receipt of the contractor's response in "actions based upon a conviction or judgment, or in which there is no genuine dispute over material facts." 48 C.F.R. § 9.406-3(d)(1). There is no specified deadline for decisions in cases in which there are disputed material facts. See 48 C.F.R. §§ 9.406-3(d)(2), (3). The FAR provides for "prompt notice" once the debarring official makes a final determination on the proposed debarment. 48 C.F.R. § 9.406-3(e).

The General Services Administration (GSA) maintains "the web-based Excluded Parties List System (EPLS)," which includes "all contractors debarred, suspended [or] proposed for debarment . . .

2

." 48 C.F.R. § 9.404(a), (b)(1). "Contractors debarred, suspended, or proposed for debarment are excluded from receiving contracts, and agencies shall not solicit offers from, award contracts to, or consent to subcontracts with these contractors unless the agency head determines that there is a compelling reason for such action." 48 C.F.R. § 9.405(a).

II.  Factual Background

From December 2000 through March 2007, Plaintiff was an employee of the Navy at the Naval Postgraduate School. 1AC at ¶ 42. During the time of his employment, Plaintiff was involved in a research project called the Open Market Corridor (OMC) for which he was given authority to be an ordering officer for supplies and services under a contract with the Department of the Interior. 1AC ¶¶ 48-54. Beginning in August 2005, both OMC and the contract with the Department of the Interior were audited by the Department of Defense Inspector General (DOD/IG). 1AC ¶ 71. In January 2006, the DOD/IG released its preliminary findings and referred OMC to the Navy's Acquisition Integrity Office (AIO). 1AC ¶ 72. The Navy's Debarring Official at the AIO coordinated investigations with other Navy agencies. 1AC ¶ 76.

In January 2007, the DOD/IG released its final audit report. 1AC ¶ 86. On October 14, 2010, the DOD/IG issued its proposed debarment of Plaintiff. 1AC ¶ 109. While the debarment was pending, Plaintiff was added to the Excluded Parties List System (EPLS) as proposed for debarment. Declaration of Claire Cormier at Exs. B, E. On December 14, 2010, Plaintiff's counsel provided his opposition to the proposed debarment. 1AC ¶ 114.

3

On November 4, 2011, Plaintiff filed the instant suit under the Administrative Procedures Act (APA). Plaintiff sought an order enjoining the proposed debarment decision, compelling the Navy to issue a final debarment decision, and enjoining the final debarment decision. Original Complaint at ¶ 281. In addition, Plaintiff sought attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA). Id.

On March 2, 2012, the Navy issued its final decision terminating the proposed debarment and finding Plaintiff and his affiliated companies to be "presently responsible to contract with the Government." 1AC ¶ 136. Plaintiff and his affiliated companies were removed from the active EPLS. Declaration of Josie Dristy at ¶ 3.

Plaintiff filed his 1AC on April 25, 2012, again alleging claims under the APA. The amended complaint includes additional allegations regarding the bad faith of various Navy employees in bringing and investigating the audits leading to the proposed debarment, and allegations of ongoing harm Plaintiff has experienced because of the audits and proposed debarment. See 1AC ¶¶ 244-320.

Plaintiff now seeks declaratory judgment and injunctive relief. He asks that the Court declare that (1) the proposed debarment was not factually or legally justified or substantiated, (2) Defendants violated the procedural requirements for debarment, (3) the audits upon which the proposed debarment were based were conducted in bad faith, (4) the audits made incorrect determinations of law, (5) Defendants' final termination of the proposed debarment was unreasonably delayed in violation of

regulations and due process, and (6) the audits and debarment violated Plaintiff's due process rights and infringed on his liberty interests. 1AC ¶ 331. In addition, Plaintiff requests that the Court enter an injunction requiring that Defendants remove information about the proposed debarment from the archival section of the EPLS and expunge any evidence that debarment was ever proposed. 1AC ¶ 332. In addition Plaintiff seeks an injunction prohibiting Defendants from "communicat[ing] negatively to other federal government personnel" regarding the audits and other information underlying the proposed debarment. Id. Finally, Plaintiff renews his claim for attorneys' fees and costs pursuant to the EAJA.

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the 1AC for lack of subject matter jurisdiction.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th

Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

## DISCUSSION

The APA provides, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Unless "made reviewable by statute," only "final agency action[s] for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

Defendants argue that the Court lacks jurisdiction over Plaintiff's APA claim because the final agency decision was not adverse to him. It is undisputed that Defendants terminated the proposed debarment and found Plaintiff to be "presently responsible to contract with the Government." However, Plaintiff argues that the proposed debarment was itself a final agency decision subject to independent review under the APA.[1] In the alternative, Plaintiff argues that the finality requirement of the APA is satisfied with respect to the proposed debarment because he makes claims related to Defendants' handling of the proposed debarment. Plaintiff further argues that if the finality requirement has not been satisfied, his claims are cognizable under an "unreasonable delay" exception to the finality requirement.

---

[1] The Court notes that, in his papers, Plaintiff refers to the proposed debarment as the "debarment" or the "initial debarment." However, there was no debarment in this case. There was only a proposed debarment which was ultimately terminated.

6

A.  Final Agency Decision

Plaintiff first argues that the proposed debarment was itself a final agency decision subject to review under the APA. In Bennett v. Spear, the Supreme Court held that

> two conditions must be satisfied for agency action to be "final":  First, the action must mark the consummation of the agency's decisionmaking process--it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

520 U.S. 154, 177-78 (1997) (internal quotation marks omitted). The Ninth Circuit has held that it "will not entertain a petition where pending administrative proceedings or further agency action might render the case moot and judicial review completely unnecessary."  Sierra Club v. U.S. Nuclear Regulatory Com'n, 825 F.2d 1356, 1362 (9th Cir. 1987).

The proposed debarment was not a final order determining Plaintiff's ability to contract with the government. Indeed, the proposed debarment invited Plaintiff to submit "information and argument in opposition to the proposed debarment" in accordance with the FAR. Administrative Record (AR) at 428. In issuing the proposed debarment, the Navy clearly had not "rendered its last word on the matter."  Whitman v. Am. Trucking Ass'ns, 531 U.S. 457, 478 (2001) (quoting Harrison v. PPG Indus., Inc., 446 U.S. 578, 586 (1980).  The Navy did not make its final determination on that issue until March 2, 2012 when it terminated the proposed debarment, finding that Plaintiff had provided information establishing that he was "presently responsible to contract with the Government."  AR at 609.

1    Plaintiff argues that the Bennett test should be applied in a
2 flexible manner that focuses on the practical and legal effects of
3 the action.  However, the cases Plaintiff cites in support of that
4 argument are factually and legally distinguishable from the
5 current dispute.  See, e.g., Abbott Laboratories v. Gardner, 387
6 U.S. 136, 151 (1967) (allowing pre-enforcement challenge to agency
7 regulation where the regulations were found to be "definitive"
8 statements of the agency's position and "immediate compliance with
9 their terms was expected."); and Oregon Natural Desert Assoc. v.
10 U.S. Forest Service, 465 F.3d 977, 984 (9th Cir. 2006) (holding
11 that the agency "arrived at a definitive position to allow grazing
12 [on certain land] and put that decision into effect by issuing
13 grazing permits").  Indeed, Plaintiff cites a case which provides
14 that, even where an agency decision "is a discrete decision that
15 has immediate financial impact, . . . the fact that a statement
16 may be definitive on some issue is insufficient to create a final
17 action subject to judicial review."  Indus. Customers of NW Units
18 v. Bonneville Power Admin., 408 F.3d 638, 646 (9th Cir. 2005).
19    The proposed debarment was not a final agency decision, and
20 accordingly is not subject to judicial review under the APA.  See
21 5 U.S.C. § 704.

22    B.   Challenge to Defendants' Handling of the Proposed
          Debarment
23

24    Plaintiff next argues that the finality requirement of the
25 APA is satisfied because he claims that Defendants violated
26 various regulations or his constitutional rights when they issued
27 the proposed debarment.  However, the only case Plaintiff cites in
28 support of this proposition is a case from the Southern District

8

of Ohio in which the plaintiff challenged a notice of proposed extension of debarment after he had already been debarred. Lasmer Industries, Inc. v. Defense Supply Center Columbus, 2008 WL 2457704 (S.D. Ohio). The case provides no authority for review of interim agency actions when the final agency action is favorable to the plaintiff. Indeed, one of the stated goals of the finality requirement is to avoid judicial review of interim agency actions which might be rendered moot by final agency decisions. See FTC v. Std. Oil Co., 449 U.S. 232, 244 n.11 (1980); see also, Peoples Nat'l Bank v. Office of the Comptroller, 362 F.3d 333, 337 (5th Cir. 2004) (noting that the potential for a favorable result for the plaintiff that would render its challenge to a regulation moot "indicates that [the party] should pursue its administrative appeal, not shortcut it by filing suit."); Boise Cascade Corp. v. FTC, 498 F. Supp. 772, 782 (D. Del. 1980) ("All preliminary and procedural agency rulings in a proceeding are 'insulated from review' if the final agency decision is not adverse to the private party. . . . The framers of the APA thus did not intend for rulings to be deemed 'final agency action' simply because they might otherwise escape judicial review.").

### C. Unreasonable Delay Exception

Plaintiff next argues that even if the proposed debarment was not a final agency action, the Court has jurisdiction to review it under the unreasonable delay exception. Although the APA allows a court to "compel agency action unlawfully withheld or unreasonably delayed," there is no action to compel in this case. 5 U.S.C. § 706. The proposed debarment has already been terminated. The case Plaintiff cites in support of his argument is one in which

9

the party sought a writ of mandamus to force an agency to act on its patent claims. Independence Mining Co. v. Babbitt, 105 F.3d 502 (9th Cir. 1997).

The only final agency action in this case is the termination of the proposed debarment, which was resolved in Plaintiff's favor. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims, and need not reach Defendants' other arguments regarding the substance of Plaintiff's claims or Plaintiff's claim for attorneys' fees pursuant to the Equal Access to Justice Act.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Docket No. 39. Because the Court lacks subject matter jurisdiction over this action and Plaintiff cannot cure this defect, the complaint is dismissed with prejudice. The clerk shall enter judgment and close the file. Defendants shall recover their costs from Plaintiff.

IT IS SO ORDERED.

Dated: 1/29/2013

CLAUDIA WILKEN
United States District Judge